■ JACOB M. LEHMAN et al., Respondents, v SHLOMO PIONTKOWSKI, Appellant. — In an action, *inter alia,* to enforce an alleged restrictive covenant contained in an employment agreement restraining defendant from practicing medicine or performing surgery for a period of two years within a specified radius, in which action defendant has interposed six counterclaims for damages and for moneys allegedly due him, defendant appeals from so much of an order of the Supreme Court, Suffolk County, dated April 18, 1980 as upon granting reargument, adhered to its prior order dated January 25, 1980, as modified by an order dated February 28, 1980 which, *inter alia,* reversed the normal priority of examination and permitted plaintiffs to examine defendant before trial prior to defendant examining plaintiffs before trial. Order reversed insofar as appealed from, without costs or disbursements, orders dated January 25, 1980 and February 28, 1980 vacated to the extent that priority in the examinations before trial was granted to plaintiffs, plaintiffs' cross motion denied as to priority and defendant's motion granted to the extent that he is to have priority in the examinations before trial. Plaintiffs now concede that defendant should have priority in the examinations before trial. The issues of the legality of the expulsion, the existence or continuance of a fiduciary relationship and the right to an accounting are matters reserved for the trial court and cannot be and should not be determined by the papers submitted on plaintiffs' motion for a preliminary injunction and the motion and cross motion with respect to priority of examination, nor by construction of the wording of the decisions rendered on those motions. Lazer, J. P., Mangano, Gulotta and Weinstein, JJ., concur.